[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11755
_____

D.C. Docket No. 8:10-cv-00733-JSM-TGW


LETICIA MORALES,
Individually and as Personal Representative
of the Estate of Santana Morales, Jr., deceased,
as parent and natural guardian of SM and RM, minors,
as legal guardian for Santana Morales, III and
Marciela Morales, individually,

                                                    Plaintiff-Appellant,

versus


ZENITH INSURANCE COMPANY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 22, 2015)

Before ED CARNES, Chief Judge, HULL and FAY, Circuit Judges.

HULL, Circuit Judge:

This appeal arises from a breach of contract claim filed by plaintiff-appellant Leticia Morales, on behalf of herself, the Estate of Santana Morales, Jr., and two minor children under her guardianship, along with Marciela Morales (collectively, "the Estate") against defendant-appellee Zenith Insurance Company ("Zenith").

Santana Morales, Jr. was crushed to death by a palm tree while working as a landscaper for Lawns Nursery and Irrigation Designs, Inc. ("Lawns").  At the time of Morales's death, his employer Lawns maintained a "Workers Compensation and Employers Liability Insurance Policy" with Zenith.  The policy contained two types of coverage: (1) workers compensation insurance under Part I and (2) employer liability insurance under Part II.  After Morales's death, Zenith began paying workers' compensation benefits to the Estate in accordance with its obligation under Part I of the policy.

Under Part II, Zenith was obligated: (1) to "pay all sums [Lawns] legally must pay as damages because of bodily injury to [its] employees, provided the bodily injury is covered by this Employers Liability Insurance"; and (2) to defend lawsuits for such damages.  In relevant part, Part II contained an exclusion barring employer liability insurance coverage for "any obligation imposed by a workers compensation . . . law" (the "workers' compensation exclusion").

On December 3, 1999, the Estate filed a wrongful death action against Lawns in Florida circuit court, alleging that Lawns's negligence caused Morales's death. The state court entered a default judgment in the Estate's favor on the issue of Lawns's liability to the Estate, and held a jury trial as to damages. On March 14, 2005, the jury awarded the Estate $9.525 million in damages against Lawns.

While the Estate's wrongful death lawsuit was still ongoing, Zenith continued to pay workers' compensation benefits on Lawns's behalf until August 2003, when Zenith made a final lump sum payment of $20,000 in full settlement of the Estate's workers' compensation claim against Lawns. The parties entered a settlement agreement at the same time, under which the Estate agreed that

> in exchange for the consideration described below, the [Estate] hereby waives all rights to any and all benefits under The Florida Workers' Compensation Act. Further, this settlement and agreement shall constitute an election of remedies by the [Estate] with respect to the employer and the carrier as to the coverage provided to the employer.

In all, the Estate received over $100,000 in workers' compensation benefits from Zenith, pursuant to the Florida Workers' Compensation Act and Part I of the policy.

After Zenith refused to pay the $9.525 million tort judgment entered against Lawns, the Estate sued Zenith in Florida state court, asserting that Zenith had breached its insurance policy with Lawns. After Zenith removed the case to the

3

Middle District of Florida, Zenith and the Estate cross-moved for summary judgment.

The district court granted Zenith summary judgment on the Estate's breach of contract claim, ruling that the workers' compensation exclusion in Part II of the policy barred Zenith's coverage of the employee Estate's $9.525 million tort judgment against the employer Lawns. Observing that Florida law provides workers' compensation benefits as the exclusive remedy for an employee injury caused by an employer's negligence, the district court determined that the Estate's state court lawsuit alleging Lawns's negligence triggered an "obligation imposed by" Florida's Workers' Compensation Act, and thus the judgment issued in that lawsuit fell within the policy exclusion in Part II. The Estate timely appealed.

In the first panel decision in this case, we certified the following questions to the Florida Supreme Court:

> (1) DOES THE ESTATE HAVE STANDING TO BRING ITS BREACH OF CONTRACT CLAIM AGAINST ZENITH UNDER THE EMPLOYER LIABILITY POLICY?
>
> (2) IF SO, DOES THE PROVISION IN THE EMPLOYER LIABILITY POLICY WHICH EXCLUDES FROM COVERAGE "ANY OBLIGATION IMPOSED BY WORKERS' COMPENSATION . . . LAW" OPERATE TO EXCLUDE COVERAGE OF THE ESTATE'S CLAIM AGAINST ZENITH FOR THE TORT JUDGMENT?
>
> (3) IF THE ESTATE'S CLAIM IS NOT BARRED BY THE WORKERS' COMPENSATION EXCLUSION, DOES THE RELEASE IN THE WORKERS' COMPENSATION SETTLEMENT

4

AGREEMENT OTHERWISE PROHIBIT THE ESTATE'S COLLECTION OF THE TORT JUDGMENT?

Morales v. Zenith Ins. Co., 714 F.3d 1220, 1234 (11th Cir. 2013).[1]

The Florida Supreme Court answered all three certified questions in the affirmative, holding that "under Florida law, the estate has standing, but that the workers' compensation exclusion and the release prevent it from collecting the tort judgment from Zenith." Morales v. Zenith Ins. Co., __ So. 3d __, 2014 WL 6836320, at *1 (Fla. Dec. 4, 2014).

As to the workers' compensation exclusion, the Florida Supreme Court stated as follows: "[T]he estate's tort judgment arises from an injury that plainly falls within the exclusivity of Florida's Workers' Compensation Law and therefore within the coverage provided by Lawns' workers' compensation policy. Given the mutually exclusive nature of workers' compensation and employer liability coverages, Zenith has no obligation under the employer liability policy to pay the tort judgment." Id. at *5. Accordingly, the Florida Supreme Court held that "the workers' compensation exclusion bars coverage of the estate's tort judgment under the employer liability policy." Id.

Given the Florida Supreme Court's resolution of the certified issues, the district court correctly determined that the workers' compensation exclusion in

---

[1]Our prior opinion sets forth the facts and procedural history in greater detail. See id. at 1222-26.

5

Part II of the policy barred Zenith's coverage of the $9.525 million tort judgment against Lawns. Accordingly, we affirm the district court's grant of summary judgment in favor of Zenith on the Estate's breach of contract claim.

**AFFIRMED.**